DOCKET NO. 598

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 15 1984

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE LONG DISTANCE TELECOMMUNICATIONS LITIGATION

TRANSFER ORDER*

This litigation presently consists of ten actions pending in seven federal districts: three actions in the Northern District of Illinois, two actions in the District of Massachusetts and one action each in the Northern District of California, the Eastern District of New York, the District of Minnesota, the District of New Jersey and the Middle District of Pennsylvania.[1]  Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by plaintiffs in seven of these actions to centralize the actions in this litigation in the Northern District of Illinois[2] for coordinated or consolidated pretrial proceedings.[3] Plaintiffs in two actions and one telephone company defendant oppose centralization of all actions; some of these parties favor formation by the Panel of separate multidistrict proceedings in different districts for actions against different defendants.  Four telephone company defendants support transfer to the Eastern District of Michigan.  Other potential transferee forums suggested by the parties include the Eastern District of New York, the District of New Jersey and the Middle District of Pennsylvania.

On the basis of the papers filed and the hearing held, the Panel finds that these ten actions involve common questions of fact and that centralization of nine of these ten actions under Section 1407 in the Eastern District of Michigan will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the

Judge Milton Pollack recused himself and took no part in the decision of this matter.

[1]  The Panel staff has been advised of the pendency in federal district courts of at least four additional related actions.  These actions, and any other related actions that come to the Panel's attention, will be treated as potential tag-along actions.  See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

[2]  The Section 1407 movants originally sought transfer to either the Northern District of Illinois or the Eastern District of Michigan, but they subsequently deleted their request for transfer to the Eastern District of Michigan.

[3]  The Section 1407 motion included four additional actions -- Control Electronics, Inc., et al. v. Southern Pacific Communications Co., et al., E.D. Michigan, C.A. No. 83-1010; Retail Recruiters of New York, Inc. v. MCI Telecommunications Corp., S.D. New York, C.A. No. 83-8048; Harvey M. Schuster, et al. v. GTE Sprint Communications Corp., N.D. California, C.A. No. C-83-5374 TEH; and Roger Lee, et al. v. Western Union Telegraph Co., N.D. California, C.A. No. C-84-1472 TEH -- that are no longer pending in federal district courts.  Judge Anna Diggs Taylor dismissed Control Electronics on May 22, 1984, and Judge Constance Baker Motley dismissed Retail Recruiters on June 29, 1984.  Appeals of the dismissals in these two actions are pending in the United States Courts of Appeals for the Sixth Circuit and the Second Circuit, respectively.  Judge Thelton E. Henderson dismissed Schuster and Lee on August 3, 1984.

Also, one of the ten actions now before the Panel, Lily M. Feitler v. GTE Sprint Communications Corporation, M.D. Pennsylvania, C.A. No. CV-84-0759, was not included in the Section 1407 motion, but this action is included in the matter before us because all parties to this action have stated in writing their respective positions on the motion before us and have presented oral argument.

litigation.[4/]   Each of the actions before the Panel challenges the billing and advertising practices of one of five long distance telephone company defendants and is brought as a purported class action on behalf of customers of that telephone company.  Those parties that oppose centralization of all actions argue that actions against different defendants share few questions of fact because each defendant telephone company has its own unique billing practices, advertising, rate structure and disclosure policy.  While we recognize that much discovery directed at different defendants will be cumulative rather than duplicative, we are persuaded that all the actions in this docket present sufficient common questions of fact, pertaining in particular to common practices in the long distance telephone industry, to meet the threshold requirement for Section 1407 transfer.  Moreover, we note that 1) Section 1407 empowers the Panel to order transfer "for coordinated or consolidated pretrial proceedings"; 2) the Panel has customarily left to the discretion of the transferee judge the manner and extent of coordination or consolidation of pretrial proceedings; and 3) the transferee judge has the discretion to schedule discovery unique to any defendant to proceed concurrently with the discovery common to all defendants.  We conclude that centralization under Section 1407 of the nine actions listed on the attached Schedule A is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

None of the forums suggested by the parties as potential transferee districts could be characterized as the nexus of this litigation, involving the practices of several long distance telephone companies that do business nationwide.  On balance, however, we are persuaded that the Eastern District of Michigan is the appropriate transferee forum.  Even though no constituent action is presently pending in the Eastern District of Michigan, Control Electronics was commenced in that district in March, 1983, more than seven months before the commencement of any other action in this litigation.  In addition, Control Electronics is broader in scope than other actions in this litigation in that, unlike those other actions, the complaint in Control Electronics names multiple telephone company defendants.  We observe that Judge Taylor, the judge to whom we are assigning this litigation, presided over pretrial proceedings in Control Electronics for nearly a year, considered and decided defendants' dismissal motion, and has thus become familiar with a broad range of issues and parties in this litigation.  Opponents of transfer to the Eastern District of Michigan point out that Judge Taylor dismissed the complaint in Control Electronics principally on the basis of the primary jurisdiction of the Federal Communications Commission (FCC).  These parties further point out that primary jurisdiction is a legal issue that is germane to other actions before the Panel.  Thus, these parties argue, centralization before Judge Taylor will in effect constitute a consignment of the entire litigation to the FCC.  In response to this argument, we observe that the primary jurisdiction issue in Control Electronics has not yet been definitively resolved, in view of the pendency before the United States Court of Appeals for the Sixth Circuit of plaintiffs' appeal from Judge Taylor's order dismissing the complaint.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Anna Diggs Taylor for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

4/  In light of the pendency of an appeal pursuant to 28 U.S.C. §1292(b) in the tenth action, Charles Kaplan v. ITT-U.S. Transmission Systems, Inc., E.D. New York, C.A. No. 83-Civ-4843, our decision regarding transfer of that action under Section 1407 is deferred until the appeal is resolved.

SCHEDULE A

MDL-598 -- In re Long Distance Telecommunications Litigation

### Northern District of California

Roger Lee, et al. v. MCI Telecommunications Corp., C.A. No. C-84-1471JPV

### District of Massachusetts

Euromarket Designs, Inc., d/b/a Crate and Barrell v. MCI Telecommunications Corp., C.A. No. 84-880
Euromarket Designs, Inc., d/b/a Crate and Barrell v. Allnet Communications Services, Inc., C.A. No. 84-881

### District of Minnesota

McIntosh Embossing, Inc. v. MCI Telecommunications Corp., C.A. No. 4-84-Civ-271

### District of New Jersey

Mark Hochman, et al. v. GTE Corp., et al., C.A. No. 83-4555

### Northern District of Illinois

Certified Collateral Corp. v. MCI Telecommunications Corp., C.A. No. 84-C-0388   Earl E. Olive v. Allnet Communication Services, Inc., C.A. No. 84-C-1112

David H. Locks v. U.S. Telephone of Midwest, Inc., C.A. No. 84-C-1465

### Middle District of Pennsylvania

Lily M. Feitler v. GTE Sprint Communcations Corporation, C.A. No. CV-84-0759